# ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeals of -- | ) |
| | ) |
| Sulphur Springs Valley Electric Cooperative, Inc. | ) ASBCA Nos. 59802, 59856 |
| | ) 60016, 60306 |
| Under Contract No. W9124A-04-C-0011 | ) |

APPEARANCES FOR THE APPELLANT:      Brett W. Johnson, Esq.
                                                Colin P. Ahler, Esq.
                                                 Snell & Wilmer LLP
                                               Phoenix, AZ

APPEARANCES FOR THE GOVERNMENT:      Raymond M. Saunders, Esq.
                                                Army Chief Trial Attorney
                                             MAJ Jamal A. Rhinehardt, JA
                                               Trial Attorney

## ORDER REGARDING PARTIES' REQUEST FOR AN ORDER PURSUANT TO FEDERAL RULE OF EVIDENCE 502(D)

The parties request that the Board issue an order pursuant to FED. R. EVID. 502(d). That rule provides that:

> A federal court may order that the [attorney-client] privilege or [attorney work product] protection is not waived by disclosure connected with the litigation pending before the court—in which event the disclosure is also not a waiver in any other federal or state proceeding.

We deny the parties' request. The Board is not a federal court; consequently, Rule 502(d) does not authorize the Board to issue an order that would determine whether a disclosure connected with the appeals before it would be a waiver in "any other federal or state proceeding." In the alternative, the parties request a protective order, but the parties on 3 December 2015 agreed between themselves that:

> [A] Party's inadvertent disclosure or production of any documents or information in this proceeding shall not, for purposes of this proceeding or any other proceeding in any other court, constitute a waiver by that Party of any privilege or protection applicable to those documents, including the attorney-client privilege, work product protection and any other privilege or protection recognized by law.

In view of that agreement, the parties do not persuade us that a protective order is needed. Although the parties point out that, pursuant to FED. R. EVID. 502(e), "[a]n agreement on the effect of disclosure in a federal proceeding is binding only on the parties to the agreement, unless it is incorporated into a court order," again, the Board is not a court; consequently, Rule 502 does not authorize the Board to bind non-parties to the parties' agreement. Nor do we find authority in our own rules to do so.

For these reasons, the parties' requests are denied.

Dated: 8 February 2016

TIMOTHY P. MCILMAIL
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA Nos. 59802, 59856, 60016, 60306, Appeals of Sulphur Springs Valley Electric Cooperative, Inc., rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals